STATE of Minnesota, Appellant,

v.

Warren James SIMON, Respondent.

No. C1–83–751.

Supreme Court of Minnesota.

Nov. 10, 1983.

R. Kathleen Morris, Shakopee, for appellant.

Paul A.R. Mason, Le Sueur, for respondent.

Larkin, Hoffman, Daly & Lindgren and David G. Moeller, Minneapolis, amicus curiae.

AMDAHL, Chief Justice.

In *State v. Nordstrom,* 331 N.W.2d 901 (Minn.1983), we held in part that a prior misdemeanor DWI conviction based on an uncounseled guilty plea cannot be used to convert a subsequent DWI offense into a gross misdemeanor under Minn.Stat. § 169.121, subd. 3 (1982), absent a valid waiver of counsel on the record of the prior proceeding. In *Nordstrom* there was no record and the guilty plea was uncounseled.[1] Our decision was based on *Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), a case that forbade use of a prior uncounseled misdemeanor conviction, absent a valid waiver of counsel, to convert a subsequent misdemeanor conviction into a felony offense. In this case it is undisputed that the guilty plea was counseled, a fact that justifies the conclusion that counsel presumably advised defendant of his other rights. *Henderson v. Morgan,* 426 U.S. 637, 646, 96 S.Ct. 2253, 2258, 49 L.Ed.2d 108 (1976); *Shackelford v. State,*

---

1. Compare *Nordstrom* with *State v. Motl,* 337 N.W.2d 664 (Minn.1983), where we held that the record establishing the waiver of counsel in connection with the guilty plea to the prior misdemeanor was barely adequate.

312 Minn. 602, 253 N.W.2d 149 (1977). *Baldasar* does not apply in such a situation, and we hold that the district court erred in concluding that the prior conviction cannot be relied upon to convert a subsequent DWI offense by defendant into a gross misdemeanor under section 169.121, subd. 3.

Reversed and remanded for trial.