STATE of Minnesota, CITY OF MINNEAPOLIS, Appellant,

v.

Cheryl Charna SNYDER, Respondent.

No. C7–87–231.

Court of Appeals of Minnesota.

July 14, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert J. Alfton, City Atty., John R. Manning, Asst. City Atty., Minneapolis, for appellant.

Richard F. Koch, Minneapolis, for respondent.

Heard, considered and decided by SEDGWICK, P.J., and PARKER and NIERENGARTEN, JJ.

## MEMORANDUM OPINION

SEDGWICK, Judge.

### FACTS

Respondent Cheryl Snyder was arrested for D.W.I. on July 29, 1986 and charged with several alcohol-related offenses. In an evidentiary hearing prior to trial the parties discussed the possible enhancement of D.W.I. charges based on respondent's prior 1983 guilty plea to D.W.I. The prosecutor introduced a copy of court records indicating that on June 28, 1983 respondent pleaded guilty to D.W.I. and that respondent's attorney of record was Darrell Hart. No further evidence was submitted.

The trial court ruled that this evidence was insufficient to demonstrate that respondent was represented by an attorney at the time she entered her plea or waived her right to an attorney because the record only demonstrated that at some stage of the proceeding she had an attorney of record. The court also ruled that this evidence did not show that there was a factual basis for the plea as there was no testimony or evidence to show this fact. The court concluded the 1983 plea was not admissible for enhancement purposes. The State appealed this pretrial order pursuant to Minn. R.Crim.P. 28.04.

### DECISION

The burden is on the State, not the defendant, to make a record on pleas of guilty. *State v. Stewart*, 360 N.W.2d 463, 465 (Minn.Ct.App.1985). In *Stewart*, this court ruled that defendant's prior conviction could not, without a sufficient factual basis, be used to enhance a pending D.W.I. charge to a gross misdemeanor. Here, the State failed to provide *any* factual basis for the earlier plea. *See State v. Motl*, 337 N.W.2d 664 (Minn.1983); *State v. Sandmoen*, 390 N.W.2d 419, 422–23 (Minn.Ct. App.1986). The State's only evidence was a computer generated report which established nothing more than the fact that respondent pleaded guilty to D.W.I. and was sentenced.

The State's evidence does not show that respondent was represented by counsel or validly waived counsel at the time she pleaded guilty. A computer record indicating that respondent, at some point, was represented by an attorney does not create a presumption that she was represented by counsel at the time she pleaded guilty. The State bears the burden of proving the facts necessary for enhancement. *State v. Nordstrom*, 331 N.W.2d 901, 905 (Minn.1983). Respondent concedes that if the plea was counseled, a presumption that she was advised of her rights would exist. *State v. Simon*, 339 N.W.2d 907 (Minn.1983). Here the State did not even make this minimal showing. The trial court did not err in ruling that the State may not enhance the D.W.I. charges against respondent to gross misdemeanor status.

Respondent is entitled to reasonable attorneys fees and costs incurred in responding to this pretrial appeal by the State in the amount of $1,108.30 pursuant to Minn. R.Crim.P. 28.04, subd. 2(6).

Affirmed.