**STATE of Minnesota, Petitioner, Appellant,**

v.

**Donald William WARREN, Respondent.**

No. C3–87–369.

Supreme Court of Minnesota.

Feb. 26, 1988.

**GEO. A. HORMEL & COMPANY, Relator (C4–87–929), Respondent (C8–87–965),**

v.

**Myron ASPER, et al., Respondents (C4–87–929), Relators (C8–87–965),**

**Commissioner of Jobs and Training, Respondent.**

Nos. C4–87–929, C8–87–965.

Supreme Court of Minnesota.

Feb. 23, 1988.

James B. Early, Sp. Asst. Atty. Gen., St. Paul, John C. Hoffman, Mille Lacs Co. Atty., Milaca, for appellant.

Michael F. Cromett, Asst. Public Defender, Minneapolis, for respondent.

SIMONETT, Justice.

This case concerns use of a misdemeanor plea in computing a defendant's criminal history score. We agree with the court of appeals that such a plea must have a factual basis, *State v. Warren,* 407 N.W.2d 482, 484 (Minn.App.1987), but, unlike the court of appeals, we conclude on the record as a whole that the factual basis requirement is satisfied in this case, and that the trial court's computation of the criminal history score was, therefore, correct.

Defendant Donald Warren, having pled guilty to rape of an 81-year-old woman, appeals the length of his 81-month prison sentence. This duration was set by the trial judge at the high end of the presumptive sentence range for first degree criminal sexual assault for a person with a criminal history score of three. Defendant claims his history score should be only two, which would reduce his sentence by some 11 months.

Defendant has two prior felonies, for two points, plus four misdemeanors, which, if all four misdemeanors are counted, add a third point to his history score. Defendant challenges, however, the trial court's use of a 1980 misdemeanor conviction for aiding and abetting an attempted theft. Defendant had waived his right to counsel when charged with the theft offense. Prior to accepting defendant's guilty misdemeanor plea, the trial court, in accordance with Minn.R.Crim.P. 15.02, advised defendant on the record of his trial rights, including the right to remain silent, the right to a jury trial, and the right to confront his accusers. The trial court neglected, however, to comply with the last sentence of Rule 15.02 which reads, "The court shall then determine whether there is a factual basis for the plea."

The sentencing court in this case, without ruling on whether a factual basis existed for the theft plea, counted the theft conviction in computing defendant's history score. On appeal, the state concedes that the trial judge in the theft case failed to inquire of the defendant about the factual basis for his plea. We have, then, two issues: (1) Does lack of a factual basis disqualify a misdemeanor conviction for criminal history purposes? and (2) Notwithstanding the trial judge failed to ask questions of the defendant, was there a factual basis for the theft plea?

A sentencing court may not use an uncounseled misdemeanor plea in computing a defendant's criminal history score. *State v. Edmison,* 379 N.W.2d 85, 86–87 (Minn.1985); *cf. State v. Nordstrom,* 331 N.W.2d 901 (Minn.1983). By an "uncounseled plea" is meant a plea where the defendant has no lawyer and did not waive a lawyer. While in this case defendant validly waived counsel, he argues that the trial court's failure to ask him about the facts of the offense charged should subject his plea to the same infirmity, for enhancement purposes, as an uncounseled plea.

The purpose of the factual basis requirement of Rule 15.02 is to ensure the guilty plea is "accurate, voluntary and intelligent (i.e., knowingly and understand-

ably made)." *State v. Trott*, 338 N.W.2d 248, 251 (Minn.1983); *see State v. Hoaglund*, 307 Minn. 322, 240 N.W.2d 4 (1976); *Beaman v. State*, 301 Minn. 180, 221 N.W. 2d 698 (1974). The requirement protects a defendant from pleading guilty to an offense more serious than defendant's conduct warrants and helps to ensure a defendant is not pleading guilty due to improper pressures or a misunderstanding of the charge. *Trott* at 251. An appellate court, on appeal, will reject a guilty plea if it concludes the trial judge could not fairly have concluded that the defendant's plea was accurate. *See State v. Neumann*, 262 N.W.2d 426, 430 (Minn.1978). Likewise, a guilty plea will be set aside in a petition for post-conviction relief if a factual basis is lacking. *State v. Hoaglund, supra; Beaman v. State, supra.* The United States Supreme Court, in applying Fed.R.Crim.P. 11, also has ruled that guilty pleas without a factual basis will be set aside. *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). *See also Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976).

■ The situation is not quite the same, however, when the defendant is not trying to set aside the prior conviction but is challenging the conviction collaterally, seeking only to prevent its use for enhancement purposes. Collateral attacks weaken the finality of judgments. Ordinarily, in computing a criminal history score, the sentencing court need not review the procedures that led to a prior conviction and a collateral attack will be allowed only in "unique cases." *State v. Edmison*, 379 N.W.2d 85, 86 (Minn.1985). *See also Pilger v. State*, 337 N.W.2d 695, 698 (Minn.1983). Violation of a defendant's right to counsel, which is violation of a pivotal constitutional right, qualifies as a unique case. *Edmison.* But when the defendant is represented by counsel, failure of the trial court, in accepting the plea, to inquire of the defendant whether he or she waives other constitutional trial rights will not invalidate the enhancement value of the guilty plea. *State v. Simon*, 339 N.W.2d 907 (Minn. 1983).

Here, defendant Warren is not trying to set aside his theft conviction. Nor does he claim his misdemeanor guilty plea was inaccurate. He claims, rather, that Rule 15.02 was violated, and, whether or not his plea was accurate, the need to police strict rule observance requires that his conviction not be used for enhancement purposes.

■ If a misdemeanor guilty plea is accepted by the trial court without a factual basis determination, but the defendant is represented by counsel, we believe that the conviction should be immune from collateral attack and should count for purposes of the defendant's criminal history score. When defendant has counsel, it may be assumed that other important trial rights, including a factual basis for the plea, are being protected, at least for the purposes of a collateral attack. *See State v. Simon*, 339 N.W.2d 907 (Minn.1983) ("it is undisputed that the guilty plea was counseled, a fact that justifies the conclusion that counsel presumably advised defendant of his other rights"). It is not that other rights are unimportant, but that the court, confronted with a collateral challenge, has a basis for reasonably assuming the other rights were in fact protected. Where, however, the defendant has validly waived assistance of counsel, while the defendant must then bear the consequences of that choice as it affects his trial rights, we do not think the trial court should be relieved of its duty to determine independently if the plea has a factual basis. *See Hoaglund*, 307 Minn. at 325, 240 N.W.2d at 5 (referring to the trial court's "sole and awesome responsibility" to determine factual basis of the plea).

■ We hold, therefore, that when the state, in computing a defendant's criminal history score, proposes to use a prior misdemeanor conviction where the defendant had waived counsel, the defendant may collaterally challenge the conviction for lack of a factual basis determination; provided, however, that the defendant must initially produce some evidence by a detailed sworn affidavit that there was no factual basis determination before the state is put to its burden to show the contrary. *Cf. State v.*

*Goff,* 418 N.W.2d 169 (Minn.1988). If the state is then unable to show there had been a factual basis determination, the conviction may not be used for enhancement.

 If it appears the kind of factual basis inquiry which Rule 15.02 requires did not take place,[1] the sentencing court may still count the misdemeanor conviction for enhancement purposes, provided other information in the court file of the misdemeanor conviction shows that the judge accepting the plea had a sufficient factual basis for concluding that the guilty plea was accurate and reliable. In *Hoaglund,* for example, this court, on a direct appeal, looked also at the sworn complaint, the transcript of all the proceedings, and the pre-sentence investigation report before concluding that the factual basis for the guilty plea was inadequate. 307 Minn. at 326–27, 240 N.W.2d at 6. In this case, the trial judge in taking the theft plea did not question the defendant on the record about the factual basis for the guilty plea, and, because of the lack of questioning, the state conceded no factual basis. The state's concession, however, is based on a misconception of how factual basis may be determined and, therefore, we decline to be bound by it. We see no reason why we may not see what is in plain sight simply because the state has chosen not to. *See, e.g., Sibron v. New York,* 392 U.S. 40, 58–59, 88 S.Ct. 1889, 1900–1901, 20 L.Ed.2d 917 (1967) (Supreme Court, as a precedent-making body, not required to blindly accept state's confession of error); *United States ex rel. Terry v. Henderson,* 462 F.2d 1125, 1131 n. 13 (2d Cir.1972) (court not bound by concession of a party as to the content of the record before the court); *Camaj v. S.S. Kresge Co.,* 426 Mich. 281, 290, 393 N.W.2d 875, 879 (1986).

1. In *State v. Motl,* 337 N.W.2d 664, 666 (Minn. 1983), we said, "In general trial courts accepting guilty pleas from misdemeanants should be more specific in their questions, particularly in determining whether the defendant waives his right to counsel and whether there is a factual basis for the plea."

In this case the court of appeals invalidated the enhancement value of defendant's misde-

 Here the record shows that the sworn complaint was read twice to defendant in open court. The complainant, an off-duty police officer, was the eyewitness to the attempted theft. In his complaint, the officer sets out in detail observing defendant's accomplice, in defendant's presence, steal property from the complainant's car, and how, after complainant confronted defendant at the scene, the accomplice abandoned the stolen property, and defendant and the accomplice then fled in the defendant's car. When asked by the court if he had any questions in regard to the charge, the defendant answered no. As a matter of law, the record as a whole shows an adequate factual basis from which the trial court could fairly have determined that the guilty plea was accurate and reliable.

Reversed and sentence imposed by trial court reinstated.

KELLEY and POPOVICH, JJ., took no part in the consideration or decision of this case.

meanor plea, relying on its prior decision in a DWI case, *State v. Stewart,* 360 N.W.2d 463 (Minn.App.1985), which, in turn, relied on our language from *Motl* quoted above. In *Motl,* it should be noted, however, the precise issue was whether defendant had waived his right to counsel, not whether a plea lacking a factual basis might be used for enhancement.