**STATE of Minnesota, City of Plymouth, Appellant,**

v.

**Herbert D. LANG, Respondent.**

**No. CX–88–1318.**

Court of Appeals of Minnesota.

Dec. 6, 1988.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Steven M. Tallen, Plymouth City Atty., Minneapolis, for appellant.

Samuel A. McCloud, Minneapolis, for respondent.

Heard, considered and decided by LANSING, P.J., and NIERENGARTEN and CRIPPEN, JJ.

## OPINION

NIERENGARTEN, Judge.

The state appeals from a pre-trial order dismissing a gross misdemeanor charge. Herbert D. Lang (Lang) was charged with violating Minn.Stat. § 169.121 (1986) for driving while under the influence of alcohol (DWI) within five years of a prior conviction. Although the trial court had certified evidence of Lang's 1984 counseled plea of guilty to a misdemeanor DWI charge, it ruled the state had failed to establish a sufficient factual basis for that plea and could not use the 1984 plea to enhance the current charge to a gross misdemeanor.

## FACTS

On July 25, 1987, Lang was arrested on suspicion of DWI and was subsequently charged with gross misdemeanor DWI, misdemeanor careless driving, and two petty misdemeanors (speeding and following a vehicle too closely). Lang was previously convicted of misdemeanor DWI on July 23, 1984, following a counseled plea of guilty.

Defense counsel moved to dismiss the current gross misdemeanor charge, arguing no factual basis for the 1984 plea was contained in the plea transcript. The state provided the trial court with copies of the 1984 complaint, certificate of representation, plea transcript, terms of sentence and trial court's order.

The court dismissed the gross misdemeanor charge, finding (1) the state failed to prove a factual basis existed under Minn.R.Crim.P. 15.02 for Lang's plea and (2) Lang's plea was wholly inadequate.

## ISSUE

Did the trial court err in dismissing the gross misdemeanor charge?

## ANALYSIS

### I.

When the state appeals from a pre-trial order it must demonstrate clearly and unequivocally that (1) "the trial court has erred in its judgment" and (2) "unless reversed, the error will have a critical impact on the outcome of the trial." *State v. Webber*, 262 N.W.2d 157, 159 (Minn.1977).

The court's dismissal will obviously have a critical impact on the outcome of the trial, since it completely forecloses prosecution of the gross misdemeanor. *See State v. Joon Kyu Kim*, 398 N.W.2d 544, 550–551 (Minn.1987) (critical impact shown when order destroys state's case or likelihood of successful prosecution is significantly reduced).

When the state seeks to use a prior DWI conviction to enhance the sentence for a subsequent offense, it must initially charge the defendant with "a gross misdemeanor

DWI based on a prior misdemeanor DWI conviction occurring within 5 years of the present offense." *State v. Nordstrom,* 331 N.W.2d 901, 905 (Minn.1983). Upon such a charge by the state, the defendant bears the burden of raising a proper challenge to "the constitutional validity of the prior misdemeanor conviction as the basis for the gross misdemeanor DWI charge." *Id.* The burden then shifts back to the state "to show that the contested evidence, in this case the prior conviction, was obtained consistent with constitutional requirements." *Id.*

The state properly charged Lang with a gross misdemeanor DWI based on a prior misdemeanor DWI conviction occurring within five years.

■ A prior conviction may be collaterally attacked in a subsequent proceeding where it will result in an enhanced sentence, on the constitutional claim of no "factual basis" for the plea only in "unique cases" where the defendant was unrepresented. *See State v. Warren,* 419 N.W.2d 795, 797–799 (Minn.1988); *State v. Nordstrom,* 331 N.W.2d at 903–905. Even in such cases,

> [i]f it appears the kind of factual basis inquiry which Rule 15.02 requires did not take place, the sentencing court may still count the misdemeanor conviction for enhancement purposes, provided other information *in the court file* of the misdemeanor conviction shows that the judge accepting the plea had a sufficient factual basis for concluding that the guilty plea was accurate and reliable.

*Warren,* 419 N.W.2d at 799 (footnote omitted) (emphasis added) (complaint specifically detailing eyewitness observation of defendant's misdemeanor criminal acts sufficient factual basis for uncounseled guilty plea).

When, as here, the defendant was represented by counsel at the time of his plea, the conviction is "immune from collateral attack" and will count for enhancement purposes. *Id.* at 798.

> When defendant has counsel, it may be assumed that other important trial rights, including a factual basis for the plea, are being protected, at least for the

purposes of a collateral attack. *See State v. Simon,* 339 N.W.2d 907 (Minn. 1983) ("it is undisputed that the guilty plea was counseled, a fact that justifies the conclusion that counsel presumably advised defendant of his other rights"). It is not that other rights are unimportant, but that the court, confronted with a collateral challenge, has a basis for reasonably assuming the other rights were in fact protected.

*Warren,* 419 N.W.2d at 798. Since Lang was counseled in 1984, when he pled guilty, he may not collaterally attack that conviction. The trial court erred in finding there was no factual basis for the prior plea and in dismissing the gross misdemeanor DWI charge.

II.

■ Lang moves for an award of attorney fees for responding to this pre-trial appeal. Minn.R.Crim.P. 28.04, subd. 2(6). *See also State v. Hendrickson,* 395 N.W.2d 458, 462 (Minn.Ct.App.1986).

Based on the affidavit of counsel, we award Lang $1,130 (11.3 × $100) for attorney fees and $52.40 for brief printing.

## DECISION

We reverse the trial court's order and direct that the gross misdemeanor DWI charge be reinstated.

REVERSED.