STATE of Minnesota, Respondent,

v.

Jan OTTO, Appellant.

No. C3–89–1591.

Court of Appeals of Minnesota.

Feb. 20, 1990.

Review Denied April 13, 1990.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Peter A. Cahill, St. Louis Park City Atty., Minneapolis, for respondent.

Faison T. Sessoms, Minneapolis, for appellant.

Considered and decided by LANSING, P.J., and HUSPENI, and KALITOWSKI, JJ.

## OPINION

HUSPENI, Judge.

Appellant alleges that a computer printout, the only evidence showing that his prior conviction had not been obtained in violation of his right to counsel, was insufficient to enhance his DWI charge from a misdemeanor to a gross misdemeanor, pursuant to Minn.Stat. § 169.121, subd. 3(a). We affirm.

### FACTS

The district court computer printout for appellant's case history indicates that on May 28, 1986, he was appointed a public defender and pleaded guilty to a DWI. This record reflects Hennepin County practice, which is to appoint public defenders during arraignment hearings. On August 21, 1988, appellant was stopped because his car was weaving. He failed a preliminary breath test, was arrested, and agreed to an intoxilizer test, which revealed a blood alcohol concentration of .19.

At the omnibus hearing on the 1988 charge, appellant alleged that the state failed to establish that appellant had assistance of counsel at the prior conviction and moved to oppose the use of his prior conviction to enhance his second charge to a gross misdemeanor. This motion was denied. At the subsequent trial on stipulated facts, appellant was convicted of gross misdemeanor DWI and sentenced accordingly.

### ISSUES

1. Is the burden of challenging the validity of appellant's prior conviction on appellant or on the state?

2. Does the computer printout provide sufficient evidence that appellant had the assistance of counsel when he pleaded guilty in 1986?

### ANALYSIS

1. Minn.Stat. § 169.121, subd. 3 (1988) states:

The following persons are guilty of a gross misdemeanor:

(a) A person who violates this section or an ordinance in conformity with it within five years of a prior conviction under this section * * *.

The state is obliged to prove "beyond a reasonable doubt" each element of a criminal offense, and argues that it met that burden here by providing uncontested proof of appellant's May 28, 1986 DWI conviction. We agree.

The procedure for contesting the validity of a prior conviction is set forth in *State v. Nordstrom*, 331 N.W.2d 901 (1983):

The proper procedure was followed in this case. The state charged a gross misdemeanor DWI based on a prior misdemeanor DWI conviction occurring within 5 years of the present offense. [Appellant] properly challenged, in a pretrial proceeding, the constitutional validity of the prior misdemeanor conviction as the basis for the gross misdemeanor DWI charge. The burden is then on the state * * * to show that the contested evidence, in this case the prior conviction, was obtained consistent with constitutional requirements.

*Id.* at 905, *quoted in State v. Lang,* 432 N.W.2d 478, 479–80 (Minn.Ct.App.1988). Only after appellant properly challenges the validity of a prior conviction does the burden of defending that validity fall on the state. The Minnesota Supreme Court has specified the nature of a proper challenge in *State v. Goff,* 418 N.W.2d 169, 170 (Minn.1988).

> We now hold that in order to raise the issue with respect to a prior conviction—felony, gross misdemeanor, or misdemeanor—[appellant] must do more than simply request that the state be put to its burden of proving that the prior conviction was not obtained in violation of the defendant's right to counsel.

The burden of challenging the validity of the prior conviction was appellant's. He could have met that burden and properly challenged the conviction by submitting

> a detailed sworn affidavit indicating that he was not represented by counsel in the prior proceeding and that he did not validly waive his right to counsel.

*Id.* at 172. However, appellant submitted neither such an affidavit nor any other proof. He never asserted that he did not have counsel at the prior conviction, but only that the state cannot prove he did have counsel. Since appellant never properly challenged the prior conviction, the burden of defending it never fell to the state.

> When defendant has counsel, it may be assumed that other important trial rights, including the factual basis for the plea, are being protected, at least for the purposes of a collateral attack.

*Lang,* 432 N.W.2d at 480 (quoting *State v. Warren,* 419 N.W.2d 795, 798 (Minn.1988)). Appellant does not allege or attempt to assert that he was without counsel at the time he pleaded guilty; his prior conviction is therefore "immune from collateral attack." *Lang,* 432 N.W.2d at 480 (quoting *Warren,* 419 N.W.2d at 799).

Appellant argues that requiring him to furnish an affidavit in order to properly challenge his prior conviction would violate either his right to remain silent, in that he cannot "silently" challenge the validity of his prior conviction, or his right to due process, in that he must raise the challenge before the state is compelled to prove the validity of the offense. However, requiring an affidavit stating that a prior conviction was obtained in violation of the right to counsel is not the same as requiring a self-incriminating statement, nor is it the same as requiring an accused to prove one element of his offense. The state remains responsible for proving "beyond a reasonable doubt" the fact of the prior conviction, but is not responsible for proving its validity unless and until that validity is properly challenged.

■ 2. Even if we were to assume that the state did have the burden of proving the validity of appellant's prior conviction, it could have met that burden by combining the Hennepin County computer printout with the presumption in favor of satisfaction of the right to counsel recently established by the supreme court.

> Underlying our analysis is our belief that the right to counsel is generally so conscientiously honored—particularly here in Minnesota * * * that ordinarily it is safe for us to presume, absent some evidence to the contrary, that any prior conviction relied upon to enhance a defendant's sentence was not obtained in violation of the right to counsel.

*Goff,* 418 N.W.2d at 172. Absent some evidence that appellant did not have counsel, the presumption, corroborated by the state's computer printout evidence of the appointment of a public defender, is that he did have counsel.

Appellant's reliance on *State, City of Minneapolis v. Snyder,* 408 N.W.2d 708 (Minn.Ct.App.1987), to support his argument that the computer printout from Hennepin County is insufficient evidence of satisfaction of his right to counsel, is misplaced. The *Snyder* court observed:

> A computer record indicating that respondent, at some point, was represented by an attorney does not create a presumption that she was represented by counsel at the time she pleaded guilty.

*Id.* at 709. However, there are two arguments against the application of *Snyder*

here. First, in *Goff,* the supreme court did create the presumption that a prior conviction was not obtained in violation of the right to counsel, even if there is no supporting evidence. Secondly, *Snyder* is distinguishable on the facts: the *Snyder* computer printout indicated only the name of an attorney of record; it did not indicate that a public defender had been appointed on the same day the guilty plea was entered, which is the case here.

## DECISION

Since appellant did not challenge the validity of his prior conviction, the state had no duty to defend it. However, the presumption that a prior conviction was not obtained in violation of the right to counsel, supported by the computer printout evidence, would have enabled the state to establish the validity of the prior conviction and to enhance appellant's second DWI charge to a gross misdemeanor.

Affirmed.