**STATE of Minnesota, Respondent,**

v.

**Curt Clarence FUSSY, Appellant.**

**No. C7–89–2145.**

Court of Appeals of Minnesota.

July 31, 1990.

Review Granted Sept. 14, 1990.

Hubert H. Humphrey, III, Atty., Gen., St. Paul, Douglas L. Johnson, Asst. Coon Rapids City Atty., Coon Rapids, for respondent.

James L. Erickson, Brooklyn Center, for appellant.

## OPINION

CRIPPEN, Judge.

Curt Fussy appeals his conviction of gross misdemeanor DWI, arguing that he established the burden of the state to show his prior conviction was valid and that the state did not meet that burden. We reverse.

## FACTS

Police arrested appellant in August 1989 on suspicion of driving while under the influence of alcohol. A subsequent test showed his blood alcohol level was 0.17%. The prosecutor charged him with three gross misdemeanor counts, alleging appellant had been convicted of DWI in 1985 in Hennepin County. Minn.Stat. § 169.121, subd. 3(a) (1988). Before trial, appellant moved to dismiss the charges, arguing that, when previously convicted, he did not validly waive his right to counsel, and that there was no factual basis shown for the uncounseled plea. In support of his motion, he submitted a sworn affidavit stating,

2. * * * I do not specifically recall being advised by the court of my right to have an attorney.

3. I also do not recall the court asking me any questions about the incident which resulted in my arrest when I pleaded guilty. I had been arrested the previous day and was brought directly to

court from jail. As I recall, I simply told the judge that I was guilty and was sentenced.

The Hennepin County file contains no petition to enter a plea of guilty and no transcript of the plea, and further information about the conviction is unavailable. The court denied appellant's motion, ruling that his affidavit was deficient because it showed the failure to recall facts rather than positive testimony that the plea occurred without advice of rights or a record of the factual basis for a plea. After a bench trial the court found appellant guilty and sentenced him accordingly. Appellant argues the court erred in denying his motion to dismiss.

## ISSUE

Did appellant's motion give rise to the state's burden to prove the validity of a prior conviction?

## ANALYSIS

Appellant's prior conviction is an essential element of the current charge. *State v. Berkelman*, 355 N.W.2d 394, 396 (Minn. 1984). Appellant argues his prior conviction should not have been admitted to enhance the current charge to a gross misdemeanor because the prior conviction is invalid for two reasons: (1) he was not represented by counsel and did not properly waive counsel, and (2) the earlier plea was not supported by a proper factual basis.

### 1. Waiver of Counsel.

■ It is undisputed that appellant was not represented by counsel in his 1985 plea. Appellant argues that the state has not established that he validly waived his right to counsel and that the earlier conviction may not be used to enhance the current charge. The state responds, and the trial court found, that appellant did not properly raise the issue.

In *State v. Nordstrom*, 331 N.W.2d 901 (Minn.1983), the supreme court held that a prior conviction may not be admitted in a proceeding which uses the prior conviction as an element of a current charge if the prior conviction is constitutionally invalid.

Specifically, the court ruled that a prior uncounseled DWI conviction is valid to support an enhancement from a misdemeanor to a gross misdemeanor only if the defendant validly waived the right to counsel on the record. *Nordstrom*, 331 N.W.2d at 905. The state has the burden of establishing the validity of the prior conviction, after the defendant raises the issue in a pretrial proceeding. *Id.*

In *Nordstrom*, the defendant pleaded guilty to a charge of DWI without the assistance of counsel. He moved to dismiss a later gross misdemeanor charge, stating that he did not recall receiving any acknowledgement of his rights in the prior conviction. *Nordstrom*, 331 N.W.2d at 903. The record contained no further information about the plea. The supreme court held that, in the absence of a record of the plea required by Minn.R.Crim.P. 15.-09, the state did not show that the defendant validly waived his right to counsel. *Nordstrom*, 331 N.W.2d at 905. Thus, the prior conviction could not be used to enhance the current charge to gross misdemeanor. *Id.*

The facts in this case mirror *Nordstrom*. Appellant stated he did not remember being advised of his right to counsel, and that he only recalled a declaration of guilt and a subsequent sentencing. Thus, the substance of his challenge is nearly identical to that found sufficient in *Nordstrom*. Appellant couched his challenge to the prior conviction in the form of a pretrial motion accompanied by a sworn affidavit. As such, appellant's motion complied with the *Nordstrom* requirement that such challenges be brought before trial. Finally, the state is unable to prove he was represented by counsel. *See id.* (filing a petition to enter a plea of guilty for the record "not a burdensome requirement"). *Cf. State v. Otto*, 451 N.W.2d 659 (Minn.App.1990) (record showed appellant had been represented by counsel in prior guilty plea), *pet. for rev. denied* (Minn. Apr. 13, 1990).

Appellant's submission of a sworn affidavit in support of his motion, detailing the date and circumstances of his prior conviction, went beyond the *Nordstrom* standard

for challenging the use of a criminal conviction as an essential element of the current charge. In fact, it complied in form with the more stringent requirement set forth by the supreme court for challenging the inclusion of a prior conviction in a criminal history score. *See State v. Goff,* 418 N.W.2d 169, 172 (Minn.1988) (requirement of detailed sworn affidavit or equivalent production of evidence in support of motion).

The trial court's rationale suggests concern for the requirement in *Goff* that a defendant's affidavit must "indicate" waiver of counsel. At least for purposes of challenging an element of a current charge, appellant's motion is duly supported by a sworn statement that he does not recall advice of the court on his right to counsel.

## 2. Factual Basis.

■ Appellant also claims the 1985 plea was not supported by a proper factual basis, and argues this provides a further ground to prevent the enhancement to gross misdemeanor. *See* Minn.R.Crim.P. 15.02 (requirement of factual basis in entry of plea in misdemeanor cases). To be valid to support an enhancement of a later charge, the record must show that the plea contained a proper factual basis. *State v. Warren,* 419 N.W.2d 795, 797–98 (Minn. 1988); *State v. Lang,* 432 N.W.2d 478, 480 (Minn.App.1988). When the record shows the defendant was represented by counsel in the prior plea, the trial court's failure to inquire of the defendant whether he or she waives other rights will not invalidate the enhancement value of the plea. *Warren,* 419 N.W.2d at 798 (citing *State v. Simon,* 339 N.W.2d 907 (Minn.1983)); *Lang,* 432 N.W.2d at 480. Here, however, appellant was not represented by counsel in his prior plea. His sworn affidavit accompanying his motion to dismiss indicated he made his prior plea without a factual basis, and the state cannot show otherwise. *See Warren,* 419 N.W.2d at 798–99 (procedural requirements to challenge use of prior conviction lacking factual basis). Thus, lack of factual basis provides an independent ground to invalidate the prior conviction.

## DECISION

Appellant, through his pretrial motion accompanied by a detailed sworn affidavit, placed the burden on the state to show that his prior conviction was valid to enhance the current charge from misdemeanor to gross misdemeanor, and the state could not meet that burden.

Reversed.