STATE of Minnesota,
Petitioner, Appellant,

v.

**Donald Ray GOFF, Respondent.**

**No. C3-86-2130.**

Supreme Court of Minnesota.

Jan. 22, 1988.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael L. Kirk, Otter Tail Co. Atty., Fergus Falls, for appellant.

C. Paul Jones, Public Defender, Susan K. Maki, Asst. Public Defender, Minneapolis, for respondent.

COYNE, Justice.

In *State v. Edmison*, 379 N.W.2d 85, 86 (Minn.1985), we held that "if a criminal defendant properly raises the issue, * * * then the sentencing court may not use a prior misdemeanor conviction in computing the presumptive sentence under the Sentencing Guidelines for the current offense unless the state proves that the prior conviction was not obtained in violation of the defendant's right to counsel." We now hold that in order to raise the issue with respect to a prior conviction—felony, gross misdemeanor, or misdemeanor—a defendant must do more than simply request that the state be put to its burden of proving that the prior conviction was not obtained in violation of the defendant's right to counsel.

In June, 1986 defendant, Donald Ray Goff, who is now 53 years old, entered a straight guilty plea to a charge of felony theft in district court. The charge was based on defendant's taking a total of nearly $1,300 from eleven different Detroit Lakes stores in a check-writing spree in October of 1985. When defendant entered his guilty plea he protested what he termed the "phony formality" of the proceedings and "all these questions" because, as he put it, "I have been through them a thousand times." He also said that he "wouldn't care if [his sentence] was 25 years."

The trial court accepted defendant's plea and ordered a presentence investigation. The sentencing worksheet prepared by the probation agent assigned defendant a criminal history score of eight, based on the following eight felony offenses:

1. January 1953—auto theft—California

2. November 1953—forged checks—California

3. February 1966—forgery—California

4. July 1968—forgery—California

5. August 1971—attempts to pass forged instruments—Montana

6. June–July 1975—forgery—Washington

7. January 1979—forgery—California

8. February 1981—escape—California

The presumptive sentence for the current offense (a severity level II offense) when committed by a person with a criminal history score of six or more is an executed term of 21 months. Defendant did not claim that the criminal history score was inaccurate and, on August 18, 1986, the trial court imposed the presumptive sentence.

Two weeks later defendant's attorney filed a motion for a reduction of sentence (a) because of a change in the Sentencing Guidelines, effective August 1, 1986, dealing with the decay of prior convictions and (b) because of *State v. Edmison*, 379 N.W.2d 85 (Minn.1985), which defendant took as meaning that the State should not be permitted to use any prior conviction for the purpose of sentencing if the State is not able to prove that the conviction was not obtained in violation of the defendant's right to counsel.

At the hearing on the motion the state conceded that the four oldest of the eight convictions had decayed and, therefore, should not have been used in the computation of the defendant's criminal history score. It is not clear whether the state could have proved at the time of the hearing that the remaining four convictions were not obtained in violation of defendant's right to counsel. The trial court accepted the state's argument that the defendant had the burden to show any violation of his right to counsel. Defendant made no attempt to show this. In fact, defendant never actually claimed that his right to counsel had been violated: he simply argued that the state could not use the convictions without proving that they were not obtained in violation of his right to counsel.

The trial court resentenced defendant on the basis of a criminal history score of four rather than eight, thus changing the presumptive sentence to 17 months executed. On the state's recommendation, the trial court imposed the 17–month term but placed defendant on probation, conditioned on defendant serving 9 months in jail but with defendant receiving credit for the approximately 7 months he had spent in jail since March of 1986.

Defendant appealed to the court of appeals, which reversed the sentence and remanded for resentencing. *State v. Goff*, 402 N.W.2d 625 (Minn.App.1987). The court of appeals rejected the view that our holding in *Edmison* applied only to prior *misdemeanor* convictions obtained in violation of a defendant's right to counsel and stated, "In order to use prior felony convictions in computing [the defendant's] criminal history score and presumptive sentence, the State must first prove that [the defendant] was represented by counsel or that there was a valid waiver of the right to counsel on the record for each prior conviction." 402 N.W.2d at 627.

The state concedes that our decision in *Edmison*, which dealt with a prior misdemeanor conviction, logically applies with equal force to a prior felony conviction. Nevertheless, the state contends that since there is virtually no chance that a defendant who has neither been represented by a lawyer nor validly waived the right to be represented has been convicted of a felony anywhere in the United States at any time since the early 1960's, the state should not be put to its burden of proof with respect to a prior felony conviction automatically on demand of the defendant. Because the court of appeals' decision seems to require the state to prove that the defendant either was represented by counsel or validly waived the right to counsel for each prior felony conviction used in computing defendant's criminal history score and presumptive sentence, we granted the state's petition for further review.

Contrary to the assumption apparently underlying the decision of the court of ap-

peals, we did not hold in *Edmison* that a defendant properly raises the issue with respect to a prior misdemeanor conviction simply by requesting that the state be put to its burden of proof. We said in *Edmison* that the defendant had properly raised the issue, a statement based on our understanding that the defendant had vigorously contended that the convictions in question had in fact been obtained in violation of the defendant's right to counsel.

■ This appeal provides an opportunity to clarify what a defendant must do to raise the issue with respect to any prior conviction, be it felony, gross misdemeanor or misdemeanor. Underlying our analysis is our belief that the right to counsel is generally so conscientiously honored—particularly here in Minnesota but also around the country [1]—that ordinarily it is safe for us to presume, absent some evidence to the contrary, that any prior conviction relied upon to enhance a defendant's sentence was not obtained in violation of the right to counsel. In order to overcome this presumption and require the state to prove that a particular prior conviction was not obtained in violation of the right to counsel, a defendant should do two basic things:

■ First, after receiving the sentencing worksheet the defendant should promptly notify the state which, if any, of the prior convictions relied upon in computing his criminal history score he contends were obtained in violation of his right to counsel. Second, with respect to each challenged conviction, the defendant must produce evidence in support of his contention. Ordinarily, the defendant can meet this burden of production by submitting, as an attachment to the notice, a detailed sworn affidavit indicating that he was not represented by counsel in the prior proceeding and that he did not validly waive his right to counsel. The trial court should grant any reasonable request for continuance to permit the defendant to produce evidence that he was deprived of the right to counsel or to permit the state to meet its ultimate burden of proof to the contrary.

■ Under Minn.R.Crim.P. 27.03, subd. 9, the trial court may correct an illegal sentence at any time. To the extent that a sentence is enhanced by virtue of a prior conviction obtained in violation of the defendant's right to counsel, it is an illegal sentence. Thus, defendant could challenge the sentence on this ground when he did, two weeks after the sentence was imposed. It can be argued that when a defendant challenges a sentence on this ground in a postconviction proceeding he has not only the burden of production but also the ultimate burden of proving the invalidity of the prior conviction. *Cf., Mattheson v. Maggio,* 714 F.2d 362 (5th Cir.1983) (habeas corpus petitioner has burden of proving convictions used to enhance sentence were uncounseled). Since, however, defendant filed his motion before the time for direct appeal from judgment of conviction had expired that issue is not before us.

Although defendant did not bear the ultimate burden of proof, he did have an obligation to come forward with some evidence that he had been deprived of the right to counsel if he wanted to put the state to its burden of proof. Since defendant made no attempt to meet that obligation, the reversal of defendant's sentence and remand for resentencing was erroneous. Therefore, we reverse the decision of the court of appeals and reinstate defendant's sentence.

Reversed.

POPOVICH, J., took no part in the consideration or decision of this case.

---

1. Indeed, it is our understanding that the courts in California, Montana and Washington—which is where the four prior convictions in question occurred—all have honored the right to counsel in all felony prosecutions for at least 20 years.