**Tramayne Colfred WILLIAMS, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

A16-1526
A16-1527

Court of Appeals of Minnesota.

Filed June 12, 2017

Review Granted Aug. 22, 2017

506

Cathryn Middlebrook, Chief Appellate Public Defender, Sean Michael McGuire, Assistant Public Defender, St. Paul, Minnesota (for appellant).

Lori Swanson, Attorney General, St. Paul, Minnesota; David Hauser, Otter Tail County Attorney, Kurt Mortenson, Assistant County Attorney, Fergus Falls, Minnesota; and Michael O. Freeman, Hennepin County Attorney, Kelly O'Neill Moller, Assistant County Attorney, Minneapolis, Minnesota (for respondent).

Considered and decided by Smith, Tracy M., Presiding Judge; Reilly, Judge; and Klaphake, Judge.[*]

## OPINION

SMITH, TRACY M., Judge

■ In these consolidated appeals, appellant Tramayne Colfred Williams challenges the decisions of two district courts,[1] in separate proceedings in Hennepin County and Otter Tail County, to deny his motions to correct sentence under Minn. R. Crim. P. 27.03, subd. 9. At the crux of the appeals is Williams's argument that the sentencing courts improperly assigned felony criminal-history points to two Illinois drug convictions for which he had received boot-camp sentences. Williams also argues that the Hennepin County District Court erred in sua sponte dismissing his motion as time barred under Minn. Stat. § 590.01 (2016), without giving him an opportunity to be heard on the issue.[2]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

1. We refer to the Hennepin County District Court and Otter Tail County District Court as the "sentencing courts" when referencing the sentencing hearings. We refer to the Hennepin County District Court and Otter Tail County District Court as the "district courts"

when referencing the collateral proceedings related to Williams's rule 27.03 motions.

2. Williams also argues in his pro se supplemental brief that the addition of criminal-history points on the basis of out-of-state convictions violates the United States and Minnesota Constitutions and that compelling circumstances warranted a downward durational departure. Williams did not raise these

We conclude that the district courts did not abuse their discretion in determining that Williams's Illinois convictions are felonies. We also conclude, however, that the Hennepin County District Court erred in applying the time bar without giving Williams an opportunity to be heard. We thus affirm the decision in the Otter Tail County case; but, because the Hennepin County case included a separate, undisputed error in the criminal-history score, and it appears that Williams seeks postconviction relief related to that error, we affirm in part, reverse in part, and remand that case for further proceedings.

## FACTS

*Otter Tail County and Hennepin County Sentencing Decisions*

In September 2011, Williams was charged in Otter Tail County with aiding and abetting first-degree aggravated robbery. In April 2012, he pleaded guilty to the charge pursuant to a plea agreement. The plea agreement provided that, assuming a criminal-history score of five, Williams would be sentenced to 84 months in prison, which was the bottom of the presumptive guidelines range. Williams was not sentenced at the time of the plea.

While awaiting sentencing in the Otter Tail County case, Williams was charged in Hennepin County with several offenses, including promoting prostitution. In November 2012, Williams pleaded guilty in Hennepin County to promoting prostitution and was sentenced. The plea agreement provided that the state would dismiss the other counts and Williams would be sentenced to 96 months, to be served concurrently with whatever sentence the court

in Otter Tail County imposed. The plea petition identified the 96-month sentence as a mitigated durational departure from the presumed 180-month sentence based on a felony criminal-history score of six. Williams waived, and Hennepin County did not conduct, a presentence investigation. However, a criminal-record summary prepared before sentencing, and a sentencing worksheet prepared after sentencing, calculated Williams's criminal-history score at six, including 0.5 points for an Illinois receiving-stolen-property conviction and a total of 2.0 points for two Illinois drug convictions for which he received concurrent boot-camp sentences at the Cook County Boot Camp (the "boot camp"). The state produced no other evidence regarding Williams's out-of-state convictions. Williams did not object to the calculation of his criminal-history score. Consistent with the plea agreement, the Hennepin County sentencing court sentenced Williams to 96 months' imprisonment, to be served concurrently with the sentence anticipated in Otter Tail County. Williams did not appeal his Hennepin County sentence.

Williams was sentenced in the Otter Tail County case in January 2013. A presentence investigation report was prepared, assigning Williams 1.5 points for an Indiana drug conviction and a total of 2.0 points for the two Illinois drug convictions for which he received boot-camp sentences. The state did not produce other evidence regarding Williams's out-of-state convictions. With the addition of the Hennepin County conviction, Williams's criminal-history score increased from five to eight. The Otter Tail County sentencing court noted that the new criminal-history score

---

issues in the district courts. Appellate courts "ordinarily do not consider issues raised for the first time on appeal, even when those issues are constitutional questions." *State v.*

*Williams*, 794 N.W.2d 867, 874 (Minn. 2011). We therefore do not consider Williams's pro se arguments. *Id.*

resulted in a bottom-of-the-presumptive-range sentence of 92 months, instead of 84 months as contemplated in the plea agreement. Williams did not object to the calculation of his criminal-history score, and he agreed to a 92-month sentence. Williams did not appeal his Otter Tail County sentence.[3]

*Otter Tail County Collateral Proceeding*

In 2016, through counsel, Williams moved to correct his Otter Tail County sentence under Minn. R. Crim. P. 27.03, subd. 9. Williams argued that he was sentenced with an incorrect criminal-history score because (1) he was given 1.5 points for an Indiana drug conviction when the comparable offense in Minnesota would have been assigned 0.5 points and (2) he was given 2.0 points for the two Illinois drug convictions for which he had received boot-camp, and not felony-level, sentences. The state did not file a response.

The Otter Tail County District Court agreed that the Indiana drug conviction should have been assigned 0.5 points. The district court concluded, however, that the two Illinois drug convictions were properly counted as felony convictions because the boot-camp sentences were the equivalent of stays of execution. The district court concluded that Williams's correct criminal-history score was seven, not eight, but nevertheless denied his motion because Williams had received a bottom-of-the-presumptive-range sentence for an offender with a criminal-history score of six or more.

*Hennepin County Collateral Proceeding*

In 2016, Williams also moved to correct his Hennepin County sentence under Minn. R. Crim. P. 27.03, subd. 9. Williams argued that his sentence was calculated using an incorrect criminal-history score because (1) he was given 0.5 points for an Illinois receiving-stolen-property conviction that should have been scored as a misdemeanor, and (2) he was given 2.0 points for the two Illinois drug convictions for which he had received boot-camp sentences. The state filed a response.

The Hennepin County District Court agreed that the Illinois receiving-stolen-property conviction should not have been used in calculating Williams's criminal-history score. The district court, however, concluded that the two Illinois drug convictions were properly counted as felony convictions because the boot-camp sentences were the equivalent of stays of imposition. The district court therefore concluded that Williams's correct criminal-history score was five, not six. The district court nevertheless denied Williams's motion because Williams's 96-month sentence was still below the guidelines range for an offender with a criminal-history score of five. The district court also concluded that Williams's motion to correct sentence implicated the plea and was time barred under Minn. Stat. § 590.01.[4]

Williams appeals.

**ISSUES**

I. Did the district courts abuse their discretion by concluding that the Illinois drug convictions qualified as felonies for purposes of calculating Williams's criminal-history scores?

II. Did the Hennepin County District Court err by sua sponte applying the time bar under Minn. Stat. § 590.01

3. In August 2014, Williams filed pro se motions to correct sentence in both Otter Tail County and Hennepin County. Both courts denied these motions.

4. The state did not argue in either proceeding that Williams's motion should have been brought under Minn. Stat. § 590.01 instead of Minn. R. Crim. P. 27.03, subd. 9.

without giving Williams an opportunity to be heard?

## ANALYSIS

### I. The district courts did not abuse their discretion by concluding that the Illinois drug convictions qualified as felonies for purposes of calculating Williams's criminal-history scores.

Williams argues that the district courts abused their discretion because the state failed to meet its burden of proving that Williams's boot-camp sentences were felony-level sentences.

Minn. R. Crim. P. 27.03, subd. 9, permits a court to correct a "sentence not authorized by law." A sentence is unauthorized by law if it is "contrary to law or applicable statutes." *Reynolds v. State*, 888 N.W.2d 125, 129 (Minn. 2016) (quotation omitted). A sentence based on an incorrect criminal-history score is an unauthorized sentence. *State v. Maurstad*, 733 N.W.2d 141, 147 (Minn. 2007). On appeal from the denial of a rule 27.03 motion, we will affirm the decision of the district court if it properly exercised its discretion and the sentence is authorized by law. *Anderson v. State*, 794 N.W.2d 137, 139 (Minn. App. 2011), *review denied* (Minn. Apr. 27, 2011).

### A. The defendant has the burden of proof on a rule 27.03 motion to correct sentence filed after the time to appeal the sentence.

At sentencing, the state has the burden of proving by a preponderance of the evidence the facts "necessary to justify consideration of out-of-state convictions in determining a defendant's criminal history score." *State v. Outlaw*, 748 N.W.2d 349, 355 (Minn. App. 2008), *review denied* (Minn. July 15, 2008). But whether the state or the defendant has the burden of proof when the defendant brings a rule 27.03 motion to correct sentence in a collateral proceeding brought after the time to appeal the sentence is a matter of first impression. Williams argues that the state bears the burden of proving that his sentences were authorized by law; the state argues that Williams has the burden of proving that his sentences were unauthorized by law. The question of burden of proof is particularly important with respect to the appeal from Otter Tail County because the state did not respond to Williams's motion. We review questions regarding the applicable burden of proof de novo. *Savig v. First Nat'l Bank*, 781 N.W.2d 335, 338 (Minn. 2010).

We begin our analysis with the supreme court's decision in *State v. Goff*, 418 N.W.2d 169 (Minn. 1988). In *Goff*, the defendant, shortly after sentencing, moved to correct his sentence under rule 27.03, subdivision 9, arguing that his criminal-history score was inaccurate because the state had not proved that he was afforded his right to counsel in each prior conviction that was counted. *Id.* at 171. The supreme court rejected the defendant's argument, deciding that, before sentencing and after receiving a sentencing worksheet, a defendant has the burden of identifying the convictions allegedly obtained in violation of the right to counsel and producing evidence in support of that contention. *Id.* at 172. The court held that, while the state retains the burden of proof at sentencing, the defendant has a burden of production when challenging the inclusion of prior convictions in a criminal-history score. *Id.*

The supreme court observed that the rule 27.03 motion in *Goff* was made before the time for appeal had expired and not in a postconviction proceeding. *Id.* But the court noted, "It can be argued that when a defendant challenges a sentence on this ground in a postconviction proceeding he

has not only the burden of production but also the ultimate burden of proving the invalidity of the prior conviction." *Id.* (citing *Mattheson v. Maggio*, 714 F.2d 362, 365 (5th Cir. 1983) (holding that a habeas petitioner has the "burden of proving that the convictions used by the State to enhance his sentence were uncounseled")). But the *Goff* court further stated that, because the case was on direct appeal from the conviction, the issue was not before it. *Id.*

■■■ Following the *Goff* court's suggestion in dicta, we conclude that, consistent with laws governing postconviction review, the defendant has the burden of proof in a collateral proceeding when challenging his sentence under rule 27.03, subdivision 9. A defendant may move to correct a sentence under either rule 27.03, subdivision 9, or in a postconviction petition under Minn. Stat. § 590.01. *State v. Coles*, 862 N.W.2d 477, 479 (Minn. 2015). The standard for evaluating whether a sentence is authorized by law is the same under rule 27.03, subdivision 9, and section 590.01. *Compare State v. Schnagl*, 859 N.W.2d 297, 301 (Minn. 2015) (describing the standard under Minn. R. Crim. P. 27.03, subd. 9), *with Coles*, 862 N.W.2d at 479 (describing the standard under section 590.01). When a defendant brings a postconviction petition under section 590.01, the burden of proof is on the defendant. *Tscheu v. State*, 829 N.W.2d 400, 403 (Minn. 2013); *Wayne v. State*, 747 N.W.2d 564, 565 (Minn. 2008). Thus, Minnesota law governing postconviction review supports placing the burden of proof on the defendant to show that a sentence was unauthorized by law when moving to correct a sentence under rule 27.03, subdivision 9, in a collateral proceeding brought after the time to appeal the sentence.

Federal caselaw likewise supports placing the burden of proof on the moving party in a motion to correct sentence. Rule 27.03, subdivision 9, was adopted from rule 35 in the Federal Rules of Criminal Procedure. *Vazquez v. State*, 822 N.W.2d 313, 317-18 (Minn. App. 2012). Federal courts applying rule 35 place the burden of proof on the defendant to show that he received an illegal sentence. *See, e.g., United States v. Martorano*, 697 F.3d 216, 217 (3d Cir. 2012) (stating defendant has burden of proving the "illegality of his sentence"); *United States v. Rollerson*, 491 F.2d 1209, 1213 (5th Cir. 1974) (stating that defendant had the burden to show that a presentence report had erroneous factual information).

■■■ Williams argues that shifting the burden of proof rewards the state when it failed to meet its initial burden at sentencing. At sentencing, the state has the burden of proving the facts necessary to justify consideration of out-of-state convictions in calculating the defendant's criminal-history score. *Outlaw*, 748 N.W.2d at 355. But a sentencing court "acts within its discretion when it includes uncertified, but clearly conceded, out-of-state convictions in computing a defendant's criminal-history score." *State v. Maley*, 714 N.W.2d 708, 712 (Minn. App. 2006). Williams had an opportunity to object to the calculation of his criminal-history scores at sentencing and to appeal his sentences. If Williams had objected at sentencing to the calculation of his criminal-history scores, the state would have been permitted "to further develop the sentencing record so that the district court [could] appropriately make its determination." *Outlaw*, 748 N.W.2d at 356. By waiting until a collateral proceeding, Williams deprived the state of the opportunity to develop the record contemporaneously with sentencing. Placing the burden of proof on the defendant in a collateral proceeding does not reward the state for failing to meet its initial burden at sentencing because the defendant has

the opportunity to hold the state to its burden both at sentencing and on appeal.

For these reasons, we hold that, in a collateral proceeding brought after the time to appeal the sentence, the defendant has the burden of proof on a Minn. R. Crim. P. 27.03, subd. 9, motion based on an alleged error in the defendant's criminal-history score.

## B. The boot-camp sentences qualify as felony sentences.

█ We next turn to whether the district courts abused their discretion by concluding that Williams did not carry his burden of proving that his sentences were illegal based on the two Illinois drug convictions.

An out-of-state conviction is considered a felony if (1) the offense would be defined as a felony in Minnesota and (2) the defendant received a sentence that would be a felony-level sentence, including the equivalent of a stay of imposition or a stay of execution. Minn. Sent. Guidelines 2.B.5.b (2012); *id.* at 2.B.5 (2011). A stay of imposition occurs when the sentencing court does not impose or pronounce a prison sentence. *Id.* at 1.B.17.a (2012); *id.* at app. 89 (2011). A stay of execution occurs when the sentencing court pronounces a prison sentence but the sentence is not executed. *Id.* at 1.B.17.b (2012); *id.* at app. 89 (2011). Stays of imposition and stays of execution are treated the same for purposes of calculating a defendant's criminal-history score. *Id.* at cmt. 2.B.112 (2012); *id.* at cmt. 2.B.110 (2011).

Williams does not dispute that the Illinois offenses are defined as felonies in Minnesota but challenges the district courts' conclusions that his boot-camp sentences were felony-level sentences.

Williams was sentenced to boot camp pursuant to an Illinois statute. It is un-

clear, however, which section of that statute authorized the boot-camp sentences. The Otter Tail County District Court found that the boot camp was created under 730 Ill. Comp. Stat. 5/5-8-1.1 (2002), which authorizes the creation of impact incarceration programs by the Illinois Department of Corrections. The Hennepin County District Court, on the other hand, found that the boot camp was created under 730 Ill. Comp. Stat. 5/5-8-1.2 (2002), which authorizes the creation of impact incarceration programs by Illinois counties.

█ Williams argues that this disagreement creates a reversible error. Because the two statutory sections have no meaningful differences for purposes of calculating Williams's criminal-history score, we disagree. The defendant must be convicted of a felony to be eligible for a program created under either section. *Compare* 730 Ill. Comp. Stat. 5/5-8-1.1(a) (requiring that the offender be "sentenced to a term of imprisonment for a felony" to be eligible for the program), *with id.* at 5/5-8-1.2(b) (requiring that the offender be "convicted of a felony" to be eligible for the program). If the defendant violates the terms of the program, the defendant must serve an alternative sentence. Under 730 Ill. Comp. Stat. 5/5-8-1.1(a), the sentencing court pronounces a term of imprisonment, stays the sentence while the defendant completes the program, and executes the sentence if the defendant fails to complete the program. Sentencing under this statutory section is the equivalent of a stay of execution under the Minnesota Sentencing Guidelines. *See* Minn. Sent. Guidelines 1.B.17.b (2012); *id.* at app. 89 (2011). In contrast, 730 Ill. Comp. Stat. 5/5-8-1.2 does not require the sentencing court to pronounce a sentence. Rather, when a defendant fails to complete a program, the court "may impose any other

sentence" available, "except for a sentence of probation or conditional discharge." 730 Ill. Comp. Stat. 5/5-8-1.2(b); *id.* at 5/5-6-4(e) (2002). Sentencing under this statutory section is the equivalent of a stay of imposition under the Minnesota Sentencing Guidelines. *See* Minn. Sent. Guidelines. 1.B.17.a (2012); *id.* at app. 89 (2011). Thus, the fact that the district courts found that the boot-camp sentences were authorized under different statutory sections does not create a reversible error because, in the end, Williams was sentenced to either stays of imposition or stays of execution, both of which qualify as felony-level sentences for purposes of calculating his criminal-history score. *See id.* at 2.B.5.b & cmt. 2.B.112 (2012); *id.* at cmt. 2.B.101, 2.B.110 (2011).

▆ Williams also argues that insufficient evidence supports the district courts' conclusions that his particular sentences were either stays of execution or stays of imposition. Williams's argument misstates the burden of proof. At the collateral proceedings, the state did not have the burden of proving that Williams's boot-camp sentences were either stays of execution or stays of imposition; Williams had the burden of proving that his boot-camp sentences were not felony-level sentences. Williams did not meet his burden.

▆ Nevertheless, we are persuaded that sufficient evidence supports a finding that the boot-camp sentences were either stays of execution or stays of imposition. Williams had to be convicted of felonies to be eligible for the boot-camp sentences. Illinois caselaw refers to boot-camp sentences as "alternative" punishments imposed in place of a prison sentence. *People v. Lashley*, 405 Ill.Dec. 95, 57 N.E.3d 780,

788 (2016) (examining 730 Ill. Comp. Stat. 5/5-8-1.2); *People v. Manoharan*, 394 Ill. App.3d 762, 334 Ill.Dec. 101, 916 N.E.2d 134, 143 (2009) (examining 730 Ill. Comp. Stat. 5/5-8-1.1). The Cook County sentencing orders[5] list Williams's sentences as "00" months, suggesting that the boot-camp sentences were stays of imposition. But, given that both statutory sections require a defendant to serve an alternative sentence if the defendant violates the boot-camp program, Williams was either sentenced to stays of imposition or stays of execution while he completed the program. Therefore, neither the Otter Tail County District Court nor the Hennepin County District Court abused its discretion by concluding that the boot-camp sentences were felony-level sentences.

## II. The Hennepin County District Court erred by sua sponte applying the time bar under Minn. Stat. § 590.01 without giving Williams an opportunity to be heard.

▆ Williams argues that the Hennepin County District Court erred (1) by sua sponte dismissing his motion as time barred under Minn. Stat. § 590.01 without giving him an opportunity to be heard and (2) by denying Williams resentencing or the opportunity to withdraw his plea.

The district court concluded, and the state did not challenge, that Williams should have been sentenced with a criminal-history score of five, not six, because of an Illinois receiving-stolen-property conviction that should have been scored as a misdemeanor. Nevertheless, the district court concluded that Williams was not entitled to relief because his sentence was within the guidelines range for a criminal-history score of five. In addition, the court

---

**5.** The Cook County sentencing orders were made part of the record, not at sentencing, but during the collateral proceedings.

concluded that Williams's requested relief implicated the plea agreement, converted his motion to a postconviction petition under section 590.01, and concluded that the petition was time barred.

A sentence based on an incorrect criminal-history score is unauthorized by law, regardless of whether the sentence falls within the permissible range. *Maurstad*, 733 N.W.2d at 147. The district court concluded that Williams received a sentence authorized by law because he received a sentence of 96 months, which is less than the presumptive sentence of 153 months for a criminal-history score of five. *See* Minn. Sent. Guidelines 4.B (2012). Under *Maurstad*, however, Williams's sentence was unauthorized by law because it was based on an incorrect criminal-history score. The district court thus erred in determining that Williams received a sentence authorized by law.

Williams argues that the mistake in criminal-history score results in his not receiving "the benefit of his original [plea] bargain." Under the original plea agreement, his sentence represented 53% of the 180-month presumptive sentence for a criminal-history score of six, but the sentence represents a higher percentage of the presumptive sentence for a criminal-history score of five. He asserts that he is therefore entitled to either resentencing or the opportunity to withdraw his plea.

The Hennepin County District Court correctly concluded that Williams's challenge to his sentence and to the validity of his plea required the court to treat his rule 27.03 motion as a petition for postconviction relief under section 590.01. After sentencing, a request to withdraw a guilty plea entered into as part of a plea package must be raised in a petition for postconviction relief under section 590.01 because the challenge "implicates more than simply [the] sentence" as it "involves the plea agreement itself." *Coles*, 862 N.W.2d at 480-82. Otherwise, "[the defendant] retains the benefit of the reduced criminal charge but the State no longer receives the benefit of the longer sentence." *Id.* at 481. As part of the plea package in this case, the state dismissed two additional charges against Williams and agreed to a 96-month sentence. *See Orozco v. State*, 841 N.W.2d 632, 635-36 (Minn. App. 2014) (noting that appellant's motion to correct sentence implicated the plea because he received an upward durational departure in exchange for the dismissal of an additional charge), *review denied* (Minn. May 27, 2015). Because Williams's motion to correct sentence implicates the entire plea package, the district court properly viewed the motion as a motion for postconviction relief under section 590.01. *Coles*, 862 N.W.2d at 480-82.

The district court erred, however, in sua sponte dismissing the petition for postconviction relief as time barred without giving Williams notice and an opportunity to be heard on the issue. A petition under section 590.01 is subject to a two-year statute of limitations, unless an exception applies. Minn. Stat. § 590.01, subd. 4(a). A district court has discretion to consider time limits sua sponte. *Weitzel v. State*, 883 N.W.2d 553, 560 (Minn. 2016). The district court, however, must provide the parties with an opportunity to be heard before invoking the time bar. *Id.* Because the Hennepin County District Court did not provide Williams with an opportunity to be heard, remand is necessary. *Id.*

## DECISION

The Otter Tail County District Court and the Hennepin County District Court did not abuse their discretion in determining that Williams's Illinois boot-camp sen-

tences were felony-level sentences. The Hennepin County District Court, however, erred in dismissing Williams's motion as time barred under Minn. Stat. § 590.01 without giving Williams notice and an opportunity to be heard on the issue. We therefore affirm the decision of the Otter Tail County District Court; and we affirm in part, reverse in part, and remand the Hennepin County case for further proceedings consistent with this opinion.

**Affirmed in part, reversed in part, and remanded.**