GILDEA, Chief Justice.
In this case we are asked to decide which party has the burden to prove the accuracy of the defendant's criminal-history score when a defendant brings a motion to correct his or her sentence under Minn. R. Crim. P. 27.03, subd. 9, after the time to file a direct appeal has expired. Appellant Tramayne Colfred Williams brought motions under the rule, arguing that two Minnesota district courts miscalculated his criminal-history score because those courts treated his two Illinois drug-related convictions as felonies. The district courts denied the motions. The court of appeals affirmed. Because we hold that a defendant who files a motion under Minn. R. Crim. P. 27.03, subd. 9, to correct a sentence after the time for direct appeal has passed bears the burden to prove the sentence was based on an incorrect criminal-history score, we affirm.
FACTS
Williams challenges the sentences he received in two criminal cases, one in Otter Tail County and one in Hennepin County. In Otter Tail County, Williams was charged with first-degree aggravated robbery, Minn. Stat. § 609.245, subd. (2016). He agreed to plead guilty to that charge on the condition that, assuming his criminal-history score was five, he would be sentenced to 84 months in prison. The district court deferred acceptance of Williams's guilty plea and ordered a presentence investigation.
In Hennepin County, Williams was charged with, among other crimes, promoting prostitution, Minn. Stat. § 609.322, subd. 1(a)(2) (2016). The parties agreed that in exchange for his guilty plea to promoting prostitution, they would jointly recommend that Williams be sentenced to 96 months in prison, served concurrently with whatever sentence was imposed in the Otter Tail County case. The plea petition Williams filed stated that a 96-month sentence was a downward durational departure from a 180-month presumptive guideline sentence. The State also agreed to dismiss other charges.
Williams pleaded guilty to and was sentenced on one count of promotion of prostitution in the Hennepin County case in November 2012. A summary report of his prior convictions prepared before sentencing stated in part that Williams had three Illinois felony convictions. The report assigned one-half point for an Illinois receiving-stolen-property conviction and two points for two Illinois drug-related convictions. In total, the report determined that Williams's criminal-history score was six. Williams did not object to the calculation *738 of his criminal-history score. The Hennepin County District Court sentenced Williams to 96 months in prison.
In January 2013, Williams was sentenced in the Otter Tail County case. The intervening Hennepin County conviction increased his criminal-history score. In addition to the Hennepin County conviction, the presentence investigation report stated that Williams had five out-of-state felony convictions, including three Indiana drug-related convictions and two Illinois drug-related convictions. The Indiana conviction at issue was assigned one and one-half points and the Illinois convictions were assigned two and one-half points. The report stated that Williams had received "[b]oot[-c]amp" sentences for the Illinois drug-related convictions.[1] The State did not introduce any additional evidence about the out-of-state convictions, and Williams did not contest the calculation of his criminal-history score. The district court determined that, based on the updated sentencing worksheet showing that Williams's criminal-history score was now eight, the bottom of the presumptive sentencing range was 92 months, and not the 84 months contemplated in the plea agreement. The court therefore imposed a 92-month sentence, to be served concurrently with Williams's sentence in the Hennepin County case.
Williams did not directly appeal his sentence in either case. But, in August 2014, Williams filed pro se motions under Minn. R. Crim. P. 27.03, subdivision 9, to correct his sentence in each case. The district court in each case denied his motion. Williams later secured counsel and, in 2016, he moved again under Rule 27.03, subdivision 9, to correct his sentence in each case.
In the Otter Tail County case, Williams argued that the district court erred in assigning one and one-half criminal-history points to his Indiana felony drug-related conviction because the court should have assigned only one-half point to that conviction. He also argued that his Illinois drug-related convictions should not have been treated as felonies and assigned two points because the boot-camp sentences were not felony-level sentences. The State did not file a response to Williams's motion.
The Otter Tail County District Court determined that a Minnesota offense comparable to the Indiana drug-related conviction would be assigned only one-half point, and so the court removed one point from Williams's criminal history. For the Illinois drug-related convictions, the court concluded that the boot-camp sentences were properly characterized as felony sentences, and therefore the offenses were properly counted as felony offenses. The court determined that Williams's correct criminal-history score was seven rather than eight but concluded that, in spite of the error, Williams's sentence was legal because it was within the presumptive range for someone with six or more criminal-history *739 points.[2] As a result, the district court denied Williams's motion.
In the Hennepin County case, Williams argued that the district court erred by assigning one-half point to his Illinois receiving-stolen-property conviction instead of classifying that offense as a misdemeanor. He also argued that the Illinois boot-camp sentences were not felony-level sentences and that the court erred by assigning two points to them. The State responded, in part, by producing information about the Illinois boot-camp program.
The Hennepin County District Court concluded that the receiving-stolen-property conviction was properly classified as a misdemeanor rather than a felony and removed one-half point from Williams's criminal-history score. The court also determined that the Illinois boot-camp sentences were felony sentences and concluded that Williams's correct criminal-history score was five, not six. The court denied the motion, however, because Williams's 96-month sentence was still a downward durational departure for someone with a criminal-history score of five.[3] Alternatively, the court concluded sua sponte that Williams's motion implicated his plea deal, was subject to the postconviction statute, and was time barred. See Minn. Stat. § 590.01, subd. 4(a)(1) (2016) ("No petition for postconviction relief may be filed more than two years after ... the entry of judgment of conviction or sentence if no direct appeal is filed....").
Williams appealed the denial of both motions, and the court of appeals consolidated his appeals. The court of appeals affirmed in part, concluding that Williams had the burden to prove that the Illinois convictions were improperly included in his criminal-history score and that he failed to meet this burden. Williams v. State , 899 N.W.2d 504, 511-13 (Minn. App. 2017). The court of appeals also concluded that the district courts did not abuse their discretion in counting Williams's Illinois drug-related convictions as felonies in calculating Williams's criminal history score. Id. at 513. But the court reversed in part and remanded the Hennepin County case, concluding that the Hennepin County District Court erred by sua sponte treating Williams's motion as a postconviction petition and dismissing it as time barred without giving Williams notice and an opportunity to be heard on the issue.[4] Id. at 514.
*740 We granted Williams's petition for review on the question of which party bears the burden of proof in a motion to correct a sentence brought under Minn. R. Crim. P. 27.03, subd. 9.
ANALYSIS
The parties dispute who bears the burden to prove the accuracy of the defendant's criminal history score. The State bears the burden of proof at sentencing to show that a prior conviction qualifies for inclusion within the criminal-history score. State v. Marquetti , 322 N.W.2d 316, 319 (Minn. 1982).[5] But we have not decided which party bears the burden of proof in a post-appeal Rule 27.03 motion. Determining which party has the burden of proof is a question of law that we review de novo. Savig v. First Nat'l Bank of Omaha , 781 N.W.2d 335, 338 (Minn. 2010). Interpretation of a rule of procedure is also a question of law, subject to de novo review. State v. Guzman , 892 N.W.2d 801, 809 (Minn. 2017) (citing State v. Lee , 706 N.W.2d 491, 493 (Minn. 2005) ).
I.
We turn first to the language of the relevant rule, Minn. R. Crim. P. 27.03, subd. 9, which states that "[t]he court may at any time correct a sentence not authorized by law." Williams argues that the sentences he received in the Otter Tail County and Hennepin County cases were illegal because the district courts incorrectly calculated his criminal-history score. We have recognized that a sentence based on an incorrect criminal-history score falls within the scope of the rule because such a sentence is one that is not authorized by law. State v. Maurstad , 733 N.W.2d 141, 147 (Minn. 2007). Williams's specific argument here is that the district courts erred because the courts counted his Illinois drug-related convictions as felonies for purposes of determining his criminal-history score. When calculating a criminal-history score, a district court assigns a weight to prior felony convictions. See Minn. Sent. Guidelines 2.B.1. A prior non-Minnesota conviction "may be counted as a felony only if it would both be defined as a felony in Minnesota, and the offender received a sentence that in Minnesota would be a felony-level sentence, which includes the equivalent of a stay of imposition." Minn. Sent. Guidelines 2.B.5.b (emphasis omitted). Framed in terms of the burden of proof then, the issue is whether Williams or the State has the burden to prove that the Illinois convictions would have been felonies in Minnesota and sentenced as such. The text of Rule 27.03, subdivision 9, gives no guidance on the burden of proof question.
The parties agree that the language of the rule does not resolve the burden of *741 proof question, and they suggest that we will find help in prior cases. In urging us to hold that the State has the burden of proof, Williams cites State v. Stutelberg , 435 N.W.2d 632 (Minn. App. 1989), which he contends shows that the lower courts have been operating under the assumption that the State retains the burden of proof at all times. In that case, the court of appeals granted a post-appeal Rule 27.03, subdivision 9 motion because it determined that the State had failed to meet its burden of proof at sentencing. Id. at 637. There is, however, no analysis in Stutelberg of the burden of proof question presented here. See id. at 636-37. Rather, the court of appeals cited to cases that support the proposition that the State has the burden of proof at sentencing and assumed without discussion that the burden is likewise on the State in a Rule 27.03, subdivision 9 motion. See id. As a result, Stutelberg is not persuasive on the issue of which party should bear the burden of proof in this case.
The State relies on State v. Goff , 418 N.W.2d 169 (Minn. 1988), and our discussion of the burden of proof in the context of a challenge to the defendant's criminal-history score. The defendant there was convicted of felony theft and sentenced to 21 months. Id. at 170-71. The defendant did not object to his criminal-history score at sentencing, but he did file a Rule 27.03 motion to correct his sentence during the appeal period. See id. at 171-72. He argued, among other things, that the State had failed to prove that his prior felony convictions had not been obtained in violation of his right to counsel. Id. at 171
On appeal, we clarified which party had the burden to prove that a prior conviction was uncounseled. See id. at 172. We held that a defendant must notify the State as to which convictions he or she claimed were obtained in violation of that right and must produce some evidence that the convictions were uncounseled before the State would be required to prove that the prior convictions were counseled. Id. Because Goff did not meet his burden of production, the State was not required to prove that his prior convictions were counseled. See id.
Importantly for this case, we noted in Goff that if the defendant had filed his motion outside of the direct appeal period, he may have had the ultimate burden of proving that the prior conviction was obtained in violation of the right to counsel. Id. We expressly refused, however, to resolve that issue because it was not before us. Id.[6] Our statement in Goff that a defendant may have the burden of proving that a conviction was obtained in violation of the right to counsel was therefore dicta, and so it does not control the outcome in this case. See State v. Hess , 684 N.W.2d 414, 421 n.6 (Minn. 2004) ("Considerations made in a judicial opinion that are unnecessary to the decision in the case are dicta." (citing State v. Rainer , 258 Minn. 168, 103 N.W.2d 389, 396 (Minn. 1960) ) ). But our discussion is nevertheless relevant in that we recognized that the burden of proof may vary depending upon whether the challenge is made on direct appeal or in the context of a postconviction proceeding. See Sanchez v. Dahlke Trailer Sales, Inc. , 897 N.W.2d 267, 277 n.9 (Minn. 2017) (noting the utility of applicable and persuasive dicta); State v. Craig , 826 N.W.2d 789, 793 (Minn. 2013) (declining to determine whether language was dicta but nonetheless electing to follow its analysis because *742 it was "well-reasoned and persuasive authority").
In terms of postconviction matters, the postconviction statute makes clear that the defendant, the party bringing the petition, generally bears the burden of proof. See Minn. Stat. § 590.04, subd. 3 (2016) ("Unless otherwise ordered by the court, the burden of proof of the facts alleged in the petition shall be upon the petitioner...."); see also Tscheu v. State , 829 N.W.2d 400, 403 (Minn. 2013) (noting that the defendant bears the burden of proof to show an entitlement to relief); Hummel v. State , 617 N.W.2d 561, 564 (Minn. 2000) (same). Given that we place the burden of proof on the defendant in the postconviction context, it makes sense to place the burden on the defendant in the context of a post-appeal, Rule 27.03, subdivision 9 motion as well.
A motion under Rule 27.03, subdivision 9 may be directed only at an already pronounced sentence and may not attack the underlying conviction. See Wayne v. State , 870 N.W.2d 389, 391 (Minn. 2015) (noting that petitioner's Rule 27.03, subdivision 9 motion attacked the underlying conviction and was therefore, in substance, a petition for postconviction relief). In this way, a proper Rule 27.03, subdivision 9 motion, like a petition for postconviction relief, is akin to a collateral attack on a final judgment because it alleges some illegality in the sentence. See In re Wretlind , 225 Minn. 554, 32 N.W.2d 161, 168 (Minn. 1948) (stating that a collateral attack is "every proceeding in which the integrity of the judgment is challenged" (citation omitted) ); see also Collateral attack , Black's Law Dictionary (10th ed. 2014) ("An attack on a judgment in a proceeding other than a direct appeal....").
Because the defendant bears the burden of proof in a collateral attack under the postconviction statute, see Tscheu , 829 N.W.2d at 403, the defendant likewise should have the burden in the context of a Rule 27.03, subdivision 9 motion. Williams has articulated no persuasive reason why a different burden of proof should apply to a postconviction petition challenging a sentence than to a Rule 27.03, subdivision 9 motion challenging a sentence. And we can ascertain no reason to have a different burden of proof apply based only on how a challenge to a sentence was captioned.
Our conclusion is reinforced when we look to federal cases interpreting the former federal equivalent to Rule 27.03, subdivision 9. When a Minnesota rule is modeled after a federal rule, federal cases are instructive in the interpretation of the corresponding Minnesota rule. Johnson v. Soo Line R.R. Co. , 463 N.W.2d 894, 899 n.7 (Minn. 1990). We have determined that the drafters of Rule 27.03, subdivision 9, "looked at" former Fed. R. Crim. P. 35 when drafting the Minnesota Rule.[7] State v. Hockensmith , 417 N.W.2d 630, 632-33 (Minn. 1988). Accordingly, interpretations of the federal rule are helpful here.
Federal courts have uniformly required the defendant to prove that a sentence was illegal before affording the defendant relief under former Fed. R. Crim. P. 35. See United States v. Woods , 986 F.2d 669, 673 (3d. Cir. 1993) ("[Defendant] bears the burden of proving the illegality of his sentence." (citation omitted) );
*743 United States v. Castillo-Roman , 774 F.2d 1280, 1283 (5th Cir. 1985) (concluding that in a Rule 35 motion, " 'a defendant must show that the information [in a presentence report] was materially inaccurate and that the judge relied on that information' " (quoting United States v. Tooker , 747 F.2d 975, 978 (5th Cir. 1984) ) ); United States v. Lewis , 743 F.2d 1127, 1129 (5th Cir. 1984) (" '[I]t is the burden of the one who challenges a sentence to demonstrate that it was founded upon a tainted record.' " (quoting United States v. Rollerson , 491 F.2d 1209, 1213 (5th Cir. 1974) ) ); Strickland v. United States , 325 F.2d 970, 971-72 (8th Cir. 1964) (concluding that the appellant had failed to meet his burden of proof in a Rule 35 proceeding to show that two counts on which he was sentenced were actually one singular offense). This federal case law supports the conclusion that the defendant should have the burden of proving in a Rule 27.03, subdivision 9 motion that a sentence was illegal.
In urging us to reach the contrary conclusion, Williams argues that public policy considerations support placing the burden of proof on the State. Williams highlights the Minnesota Sentencing Guidelines' stated goals of uniformity, proportionality, rationality, and predictability and argues that the State has little interest in the finality of an illegal sentence. We are not persuaded. Williams's policy arguments are based largely on the assumption that assigning the burden of proof in a post-appeal Rule 27.03, subdivision 9 motion changes the burden of proof at sentencing; it does not. It is well-settled law in Minnesota that the State has the burden of proving "the facts necessary to justify consideration of out-of-state convictions in determining a defendant's criminal history score" at sentencing, State v. McAdoo , 330 N.W.2d 104, 109 (Minn. 1983) (citations omitted), and nothing we say today changes that rule. Moreover, recognizing that the defendant has the burden in a post-appeal Rule 27.03, subdivision 9 motion incents defendants to make timely objections at sentencing, which helps to ensure that the district court has all of the relevant information before the court is called upon to impose a sentence.
In sum, we hold that when a defendant files a motion under Minn. R. Crim. P. 27.03, subd. 9, to correct a sentence after the time for direct appeal has passed, the defendant bears the burden of proving that his or her sentence was based on an incorrect criminal-history score.
CONCLUSION
For the foregoing reasons, we affirm the decision of the court of appeals.

Williams's Illinois sentencing documents indicated that he was sentenced to "[b]oot [c]amp." There are two "impact incarceration" statutes in Illinois that authorize "boot camp" programs," 730 Ill. Comp. Stat. Ann. 5/5-8-1.1 (2012) and 730 Ill. Comp. Stat. Ann. 5/5-8-1.2 (2012). Only persons convicted of a felony qualify for participation in those programs. See 730 Ill. Comp. Stat. Ann. 5/5-8-1.1(a) ; 730 Ill. Comp. Stat. Ann. 5/5-8-1.2(b). The programs involve a brief period of incarceration in a boot-camp program followed by period of mandatory supervised release. 730 Ill. Comp. Stat. Ann. 5/5-8-1.1(f) -(g) ; 730 Ill. Comp. Stat. Ann. 5/5-8-1.2(f). Illinois courts treat these programs as an alternative way of serving a felony sentence. See People v. Lashley , 405 Ill.Dec. 95, 57 N.E.3d 780, 788 (Ill. App. Ct. 2016) ; People v. Manoharan , 394 Ill.App.3d 762, 334 Ill.Dec. 101, 916 N.E.2d 134, 143 (2009).

The Minnesota Sentencing Guidelines provide a range of sentences that "are presumed to be appropriate." Minn. Sent. Guidelines 2.D.1; see State v. Soto , 855 N.W.2d 303, 308 (Minn. 2014). The range is determined by consulting a sentencing grid with a vertical axis corresponding to the severity of the crime, and a horizontal axis corresponding to a defendant's criminal history score. Minn. Sent. Guidelines 2.C.1. Any sentence that falls outside the guidelines range is considered a departure and must be supported by "substantial and compelling circumstances" in a departure report. See Minn. Sent. Guidelines 2.D.1, 2.D.1.a-.c. The range for someone like Williams, who was convicted of first-degree aggravated robbery with seven criminal history points, was 92-129 months. See Minn. Sent. Guidelines 4.A (sentencing guidelines grid).

A court may depart from the presumptive range identified by the sentencing guidelines grid and impose a lesser sentence. Minn. Sent. Guidelines 2.D.1. A departure must be supported, as it was in this case, by filing a departure report. Minn. Sent. Guidelines 2.D.1.c. In Williams's case, his original sentence was a departure from the presumptive range of 153-180 months. See Minn. Sent. Guidelines 4.A (sentencing guidelines grid). Even accounting for the reduction in Williams's criminal-history score, his original sentence still represents a downward departure from the presumptive range of 131-180 months.

This aspect of the court of appeals' decision is not before us. And although Williams argues in his brief that the district courts erred in treating the Illinois convictions as felonies, he did not raise this issue in his petition for review. Accordingly, we do not consider that question. See Garcia-Mendoza v. 2003 Chevy Tahoe , 852 N.W.2d 659, 668 (Minn. 2014) (declining to reach issues presented by parties where review was not granted on them); Hoyt Props., Inc. v. Prod. Res. Grp., L.L.C. , 736 N.W.2d 313, 317 n.1 (Minn. 2007) (concluding that issues briefed by parties but not raised in the petition for review are beyond the scope of the appeal and declining to address them).

Although both the defendant and the State may introduce evidence in support of their characterization of a prior offense, the State must ultimately show by a preponderance of the evidence that the defendant was both convicted of a felony and received a felony-level sentence. See State v. Griffin , 336 N.W.2d 519, 525 (Minn. 1983) (citing State v. Piri , 295 Minn. 247, 204 N.W.2d 120, 124 (Minn. 1973) ). Before the Minnesota Sentencing Guidelines were promulgated, we held that an uncontested presentence report was sufficient to establish the existence of a prior conviction. Piri , 204 N.W.2d at 124.

We likewise declined to decide the burden of proof issue in Hill v. State , 483 N.W.2d 57, 60 (Minn. 1992).

The text of the former federal rule provided, in part, that "[t]he court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." Fed. R. Crim. P. 35(a) (1987). The current federal rule limits relief to correcting clear error within 14 days of sentencing. Fed. R. Crim. P. 35(a).