*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-0769**

State of Minnesota,
Respondent,

vs.

Loren Clyde Bauer,
Appellant.

**Filed April 15, 2024**
**Reversed and remanded**
**Bjorkman, Judge**

Anoka County District Court
File No. 02-CR-22-4942

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Brad Johnson, Anoka County Attorney, Kelsey R. Kelley, Assistant County Attorney, Anoka, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Max Brady Kittel, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Larkin, Presiding Judge; Ross, Judge; and Bjorkman, Judge.

**NONPRECEDENTIAL OPINION**

**BJORKMAN**, Judge

Appellant challenges his sentence for felony indecent exposure, arguing that the district court abused its discretion by including two felony points in his criminal-history

score for two out-of-state convictions because the state failed to (1) establish sufficient evidentiary foundation for including the convictions in his score and (2) prove that they are equivalent to Minnesota felonies and therefore should be counted as felonies. We discern no abuse of discretion by the district court in including the convictions in Bauer's criminal-history score. But because the record does not support counting one of the convictions as a felony, we reverse and remand for resentencing.

**FACTS**

Following an incident in July 2022, appellant Loren Clyde Bauer was charged with indecent exposure to a minor after previously being convicted of the same or equivalent offense, a felony under Minn. Stat. § 617.23, subd. 3(1) (2020). Bauer agreed to plead guilty in exchange for a guidelines sentence; the parties anticipated that Bauer would have a criminal-history score of 2 or 3 points and therefore a presumptively stayed sentence of 25 or 30 months, respectively. In tendering his plea, Bauer admitted that he exposed his bare genitals to a 15-year-old child. Regarding the predicate conviction elevating the offense to a felony, Bauer acknowledged that he was convicted of committing felony indecent exposure in Colorado in 2015 and 2016 but disputed that the offenses involved minors. Ultimately, Bauer admitted that he was convicted of committing indecent exposure to a minor in Minnesota in 2008.

A presentence investigation report (PSI) indicated that Bauer had a criminal-history score of 4, including two points for the Colorado convictions, which it identified as equivalent to felony indecent exposure under Minn. Stat. § 617.23, subd. 3(1); a sentencing

2

worksheet indicated the same.[1] Bauer noted that the parties had anticipated a lower score but did not contest the calculation. He affirmed his guilty plea, and the state agreed to a sentence at the bottom of the presumptive range for that score—34 months in prison. The district court accepted Bauer's plea and imposed the agreed-to sentence.

Bauer appeals.

## DECISION

We review a district court's determination of a defendant's criminal-history score for an abuse of discretion.[2] *State v. Maley*, 714 N.W.2d 708, 711 (Minn. App. 2006). But interpretation of the sentencing guidelines presents a legal issue that we review de novo. *State v. Campbell*, 814 N.W.2d 1, 6 (Minn. 2012).

In calculating a defendant's criminal-history score, a district court assigns points for every felony conviction for which a felony sentence was stayed or imposed before the current sentencing. Minn. Sent'g Guidelines 2.B.1 (2020). This includes out-of-state felony convictions if "the state lays foundation for the court to do so." *Maley*, 714 N.W.2d at 711. At sentencing, the state bears the burden of proving that an out-of-state conviction qualifies for inclusion in a defendant's criminal-history score. *Williams v. State*, 910 N.W.2d 736, 740 (Minn. 2018). "The state must establish by a fair preponderance of the

---

[1] We are mindful of our obligation under Minn. R. Pub. Access to Recs. of Jud. Branch 4, subd. 1(b)(2), to protect the confidentiality of nonpublic information, and we include in this opinion only that information from the PSI and sentencing worksheet that Bauer presents in his brief.

[2] Because a sentence based on an incorrect criminal-history score is "illegal," Bauer can challenge his score for the first time on direct appeal. *State v. Maurstad*, 733 N.W.2d 141, 147 (Minn. 2007).

evidence that the prior conviction was valid, the defendant was the person involved, and the crimes constituted felonies in Minnesota." *State v. Jackson*, 358 N.W.2d 681, 683 (Minn. App. 1984) (citing *State v. Griffin*, 336 N.W.2d 519, 525 (Minn. 1983)). The district court "must make the final determination as to whether and how a prior non-Minnesota conviction should be counted in the criminal history score." Minn. Sent'g Guidelines 2.B.5.a (2020).

Bauer argues that the district court abused its discretion by including the two Colorado convictions as felonies in calculating his criminal-history score because the state failed to (1) establish sufficient evidentiary foundation for including the convictions in his criminal-history score and (2) prove that the convictions are the equivalent of Minnesota felonies and therefore should be counted as felonies.

## I.     The record supports including the Colorado convictions in Bauer's criminal-history score.

To establish sufficient foundation to include a prior conviction in a criminal-history score, the state must present evidence that it is more likely than not that the conviction exists. *See Maley*, 714 N.W.2d at 712. To do so, the state need not provide a certified copy of a conviction or adjudication. *Id.* at 711-12 (citing *Griffin*, 336 N.W.2d at 525); *see* Minn. R. Evid. 1005 (stating that an admissible official record "may be proved by copy . . . or testified to be correct by a witness who has compared it with the original"). But the state must submit "persuasive evidence" that sufficiently substantiates the information that would be proved through a certified record of conviction. *Maley*, 714 N.W.2d at 712.

As foundation for calculating Bauer's criminal-history score, the state presented the PSI and the sentencing worksheet. It did not submit any other documents substantiating the Colorado convictions or call any witnesses to testify about them. Bauer contends that this is an insufficient basis for including the Colorado convictions in his criminal-history score because *Maley* held that a sentencing worksheet that "listed, without substantiating" prior convictions was insufficient basis for including the convictions in a criminal-history score. *Id.* at 710-12. We are not persuaded.

Unlike in *Maley*, the state here presented not only a sentencing worksheet but also a PSI that contains details—offense descriptions, case numbers, disposition dates, sentencing information—that tend to substantiate Bauer's Colorado convictions. More important, Bauer conceded the fact of the convictions during his guilty-plea hearing by admitting that he was convicted of felony indecent exposure in Colorado in 2015 and 2016. *See id.* at 712 (stating that "a sentencing court acts within its discretion when it includes uncertified, but clearly conceded, out-of-state convictions in computing a defendant's criminal-history score"). On this record, the district court did not abuse its discretion by including the convictions in Bauer's criminal-history score.

## II.     The record only supports counting the 2016 Colorado conviction as a felony.

In determining how to count a prior non-Minnesota conviction in a criminal-history score, a district court "should consider, but is not limited to" the following guidance:

> Find the equivalent Minnesota offense based on the elements of the prior non-Minnesota offense. . . . An offense may be counted as a felony only if it would **both** be defined as a felony in Minnesota, and the offender received a sentence that in Minnesota would be a felony-level sentence.

5

Minn. Sent'g Guidelines 2.B.5.a, b (2020). Under this guidance, the offense definition is the "main focus." *Hill v. State*, 483 N.W.2d 57, 61 (Minn. 1992). But to ensure parity between those offenders with prior Minnesota convictions and those with prior out-of-state convictions, the sentencing court "should also consider the nature of the offense," meaning the underlying conduct, "and the sentence received by the offender." *Id.* (quotations omitted).[3]

Bauer argues that the district court abused its discretion by counting the Colorado convictions as felonies because the state failed to prove that the offenses would be felonies in Minnesota.[4] We address each in turn.

**2015 Offense**

The PSI states that, in 2015, Bauer committed a Colorado felony described as "Indecent Exposure—Masturbate—Third Subsequent Offense." The PSI asserts that the offense is "equivalent" to Minn. Stat. § 617.23, subd. 3(1)—second or subsequent indecent

---

[3] If this analysis reveals that a non-Minnesota conviction is, instead, equivalent to a Minnesota gross misdemeanor or misdemeanor, it may be counted as a criminal-history unit, depending on the offender's criminal history. *See* Minn. Sent'g Guidelines 2.B.5.b (recognizing that a non-Minnesota offense may be considered a felony, gross misdemeanor, or misdemeanor); *see also* Minn. Sent'g Guidelines 2.B.3.a, f (2020) (providing that gross misdemeanors and misdemeanors count as units, four of which equal 1 criminal-history point, and that an offender generally may receive only 1 point from units).

[4] Bauer focuses on the definition of the offenses and the conduct involved and does not dispute that the sentences he received would be felony sentences under applicable Minnesota law. *See Hill*, 483 N.W.2d at 61 (requiring consideration of sentence received); Minn. Sent'g Guidelines 2.B.5.b (same). But to ensure accurate calculation of his criminal-history score, the district court should also consider that aspect of the analysis on remand.

6

exposure to a minor, Bauer's current felony. The sentencing worksheet describes the offense as "Indecent Exposure Masturbate 3rd Subsequent (CO)." Neither document identifies the Colorado statute under which Bauer was convicted. And while Bauer admitted to the conviction at his guilty-plea hearing, he did not admit to anything about the nature of the offense.

The Minnesota offense that most closely matches the description in the PSI and the sentencing worksheet is indecent exposure "after having been previously convicted" of misdemeanor indecent exposure. Minn. Stat. § 617.23, subd. 2(2) (2020). But that is a gross misdemeanor, not a felony. *Id.* In Minnesota, a prior conviction of indecent exposure leads to a felony conviction only if both the current offense and the prior offense involved indecent exposure to a minor. *Id.*, subds. 2(1), 3(1) (2020). Nothing in the record indicates that the 2015 offense or the predicate offenses that elevated it to a felony involved indecent exposure in the presence of a minor. As such, the record does not support treating Bauer's conviction for the 2015 offense as a felony.

**2016 Offense**

The PSI lists a 2016 Colorado felony described as "Indecent Exposure to Underage 14" and asserts that this offense also is "equivalent" to Minn. Stat. § 617.23, subd. 3(1). The sentencing worksheet describes the offense as felony "Indecent Exposure Under Age 14 (CO) Subsequent." Again, neither document identifies the Colorado statute under which Bauer was convicted, and Bauer admitted the conviction but did not admit to anything about the nature of the offense.

7

Based on this information, the closest Minnesota offense is indecent exposure "in the presence of a minor under the age of 16." Minn. Stat. § 617.23, subd. 2(1). This is generally a gross misdemeanor. *Id.* It is a felony only if the defendant was previously convicted of that same offense. *Id.*, subd. 3(1).

The state asserts that there is reason to believe that Bauer had, at the time of the 2016 offense, a prior conviction of indecent exposure to a minor, which is consistent with the notation on the sentencing worksheet that the 2016 offense was "Subsequent." Bauer counters that the sentencing worksheet merely identifies the offense as "Subsequent" without indicating which prior conviction "elevated the 2016 Colorado conviction to a felony level conviction." But Bauer mistakes the issue. The 2016 offense itself was not predicated on a prior offense; it was simply indecent exposure to a minor. The existence of a prior conviction is relevant only now that the 2016 offense is being compared to Minnesota offenses. In other words, the inquiry is not *which* prior conviction but whether Bauer had *any* prior qualifying conviction before the 2016 offense such that the nature of his conduct when committing that offense would constitute a felony indecent exposure in Minnesota. As the state accurately notes, the record shows that Bauer does have such a prior qualifying conviction—the 2008 indecent exposure to a minor that he admitted to when pleading guilty to the current offense.[5] Consequently, the record contains sufficient

---

[5] Because that predicate offense is an element of the current offense, it could not be counted itself in Bauer's criminal-history score. Minn. Sent'g Guidelines 2.B.6 (2020). But that rule does not bar considering it as part of the nature of offenses to be counted in his criminal-history score.

foundation for counting the conviction of the 2016 offense as a felony in Bauer's criminal-history score.

In sum, the record establishes sufficient foundation for including both Colorado convictions in Bauer's criminal-history score, and sufficient foundation to establish that the 2016 offense is equivalent to a Minnesota felony. But the record does not contain sufficient evidence that the 2015 offense is equivalent to a Minnesota felony. Because Bauer did not challenge his criminal-history score at the time of sentencing, the appropriate remedy is to reverse and remand for further proceedings in which the state "is permitted to further develop the sentencing record so that the district court can appropriately make its determination." *State v. Outlaw*, 748 N.W.2d 349, 356 (Minn. App. 2008), *rev. denied* (Minn. July 15, 2008).

**Reversed and remanded.**